## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 28 2018, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ricky Hill,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 28, 2018

Court of Appeals Case No.
18A-CR-550

Appeal from the Marion Superior Court

The Honorable Shatrese Flowers, Judge

The Honorable James Kevin Snyder, Commissioner

Trial Court Cause No.
49G20-1711-F4-45646

**Crone, Judge.**

## Case Summary

[1] Ricky Hill appeals his conviction for level 4 felony unlawful possession of a firearm by a serious violent felon. He argues that the trial court abused its discretion in admitting a firearm, which he contends was seized in violation of his right against unreasonable search and seizure guaranteed in Article 1, Section 11 of the Indiana Constitution. We agree and therefore reverse.[1]

## Facts and Procedural History

[2] On November 22, 2017, around 6:30 a.m., Indiana State Trooper Shana Kennedy drove to an Indianapolis McDonald's to meet Probationary Trooper McKinley Finley. As Trooper Kennedy drove into the parking lot, she passed the handicapped parking spots and observed that a black Chevrolet without either a handicapped license plate or placard was parked in one of the spaces. She also noticed a person, later identified as Hill, in the front passenger seat who appeared to be asleep. Trooper Kennedy parked in the parking row facing the handicapped spots. Trooper Finley had already arrived and walked over to Trooper Kennedy's vehicle. Trooper Kennedy said to Trooper Finley, "[L]et's go over there and find out where the driver's at." Tr. Vol. 2 at 12. Trooper Kennedy wanted to find out where the driver of the Chevrolet was so that she could issue a parking citation because the car was illegally parked. *Id.* at 15. Additionally, Trooper Kennedy had been informed by McDonald's personnel

---

[1] Because we reverse on state constitutional grounds, we do not address Hill's claim based on the Fourth Amendment to the United States Constitution.

that people had been using syringes in the parking lot, so when she noticed someone sleeping she conducted a well-being check. *Id*. at 13-14.

[3] Trooper Kennedy went to the Chevrolet's driver's side window, and Trooper Finley went to the passenger window. Trooper Kennedy observed that "it didn't appear that [Hill] was in distress or anything[,] but because it was cold and he had a jacket on[,] it was also hard to see movement of the chest." *Id*. at 15 (vocal hesitations omitted). Trooper Kennedy told Trooper Finley "to knock on the window to wake [Hill] up and … find where was the driver." *Id*. Trooper Finley knocked on the window but failed to wake up Hill. Trooper Kennedy started knocking on the window and immediately saw Hill start patting down his side and front and around his pockets with both hands. Based on her twenty-seven years of experience, Trooper Kennedy believed that the way Hill was patting himself indicated that he had a weapon or was trying to dispose of something that he did not want the police to find. *Id*. at 16. As soon as she saw Hill start to pat himself, Trooper Kennedy told Trooper Finley to get Hill out of the car. *Id*.

[4] Trooper Finley opened the door, and Hill exited the vehicle "with no problem." *Id*. at 17. Trooper Kennedy came around the front of the car and "grabbed, touched … kind of pushed [Hill] around [be]cause [she] wanted him to face the car." *Id*. She told Hill, "I need you to turn around [and] face the car," and Hill complied. *Id*. Trooper Kennedy informed Hill, "[W]e're just going to temporarily detain you for our safety and yours until we figure out what's going on here." *Id*. As Trooper Kennedy held Hill's right wrist, Trooper Finley

began putting a handcuff on Hill's left wrist. At that moment, Trooper Kennedy thought that Trooper Finley said her name, which caused her to look down, and she saw a revolver in a holster on Hill's right hip. Trooper Kennedy removed the gun and put the handcuff on Hill's right wrist. The gun was identified as a .357 caliber Taurus revolver. A records check revealed that Hill had a conviction for class B felony conspiracy to commit robbery.

[5] The State charged Hill with level 4 felony unlawful possession of a firearm by a serious violent felon. In January 2018, a bench trial was held. Trooper Kennedy testified for the State. Hill objected to the admission of the revolver on the basis that the patdown search the officers intended to perform was unconstitutional. The trial court overruled the objection and admitted the revolver. Hill was found guilty and sentenced to six years. This appeal ensued.

## Discussion and Decision

[6] Hill asserts that the gun was inadmissible because it was confiscated in violation of his state constitutional right against unreasonable search and seizure. "When reviewing a trial court's ruling on the admissibility of evidence resulting from an allegedly illegal search, we do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling." *Conn v. State*, 89 N.E.3d 1093, 1097 (Ind. Ct. App. 2017), *trans. denied* (2018). However, the constitutionality of a search or seizure is a pure question of law that we review de novo. *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014).

[7] Article 1, Section 11 of the Indiana Constitution provides,

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

[8] "Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure." *Halsema v. State*, 823 N.E.2d 668, 676 (Ind. 2005). "In cases involving a warrantless search, the State bears the burden of proving an exception to the warrant requirement." *Id*. "[E]vidence obtained pursuant to an illegal search is inadmissible at trial." *Blankenship v. State*, 5 N.E.3d 779, 782 (Ind. Ct. App. 2014). The purpose of the exclusionary rule is to deter police misconduct and encourage compliance with constitutional standards. *Id*.

[9] "Although its text mirrors the federal Fourth Amendment, we interpret Article 1, § 11 of our Indiana Constitution separately and independently." *Robinson v. State*, 5 N.E.3d 362, 368 (Ind. 2014).

Notably, instead of focusing on the defendant's reasonable expectation of privacy, we focus on the actions of the police officer, and employ a totality-of-the-circumstances test to evaluate the reasonableness of the officer's actions. We give Article 1, Section 11 a liberal construction in favor of protecting individuals from unreasonable intrusions on privacy. Further, it is the State's burden to prove its intrusion was reasonable under the circumstances. To determine reasonableness, we consider: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities,

and 3) the extent of law enforcement needs." *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind. 2005).

*Randall v. State*, 101 N.E.3d 831, 841 (Ind. Ct. App. 2018) (citations and quotation marks omitted), *trans. denied*.

[10] Hill asserts that the troopers had no legitimate reason to approach the vehicle.[2] We disagree. The troopers were aware that syringes had been found in the parking lot, and Hill appeared to be asleep or unconscious, which together supported a reasonable concern as to Hill's well-being. In addition, it is undisputed that a parking infraction had been committed by the driver of the vehicle that Hill was sitting in, and Hill's presence in the vehicle supported a reasonable belief that he would have information regarding the driver's whereabouts. Police officers "may engage in limited interaction with citizens, short of seizing the individual, to help determine whether further investigation is or is not warranted." *State v. Lefevers*, 844 N.E.2d 508, 516 (Ind. Ct. App. 2006), *trans. denied*.

[11] In any event, because the troopers saw the gun and removed it while they were handcuffing Hill in preparation to pat him down, the key question is whether

---

[2] The State argues that Hill waived any claim that the troopers' "initial contact and detention" violated his constitutional right because he failed to present this argument to the trial court. Appellee's Br. at 14. At trial, Hill's attorney objected to the legality of the patdown search, but at one point appeared to concede that the troopers could have legally ordered him out of the vehicle as part of their investigation of the parking infraction. Given the facts of this case, the decision of the troopers to remove Hill from the vehicle is intrinsically linked to their decision to pat down Hill, and therefore we decline to find that Hill waived any argument related to his removal from the vehicle.

the troopers' removal of Hill from the vehicle specifically to handcuff him to perform a pat down was reasonable under the totality of the circumstances. Clearly, the degree of intrusion imposed on Hill was significant. Hill was sleeping in the passenger seat of a parked vehicle in a fast-food restaurant parking lot when he was disturbed by knocking on the window, then suddenly removed from the vehicle, pushed by a trooper to face the vehicle, grabbed by two troopers, and handcuffed. When balanced against the degree of concern that a crime had been committed and the needs of law enforcement, we cannot conclude that this degree of intrusion was constitutionally reasonable. The troopers were investigating a parking infraction, which they did not suspect Hill of committing. Although the vehicle was illegally parked in a handicapped spot, it was not blocking traffic or otherwise creating a hazard. Further, although the troopers may initially have had a legitimate basis to check on Hill's well-being, when Trooper Kennedy looked into the vehicle, Hill did not appear to be in any distress. Significantly, the troopers did not observe any evidence, such as a syringe in or near the car, that remotely suggested that Hill might have been using drugs.

[12] When the troopers knocked on the windows to ask him about the driver, Hill was startled and patted himself. Trooper Kennedy testified that Hill's movements precipitated his removal from the vehicle for a patdown. However, we cannot agree that Hill's act of patting himself upon being suddenly awakened indicated, by itself, that he posed any material threat to the troopers' safety. *See Swanson v. State*, 730 N.E.2d 205, 211 (Ind. Ct. App. 2000)

(concluding, in the context of both federal and state constitutional challenges to a patdown, that defendant's presence in an area known for drugs and his having his hands in his pockets were not sufficient to cause a reasonable officer to fear for his safety), *trans. denied*. The troopers did not suspect Hill of having committed any crime or wrongdoing. Thus, the need for law enforcement to remove Hill from the vehicle, handcuff him, and pat him down was minimal at most. Based on the totality of the circumstances, we conclude that the troopers' removal of Hill from the vehicle to handcuff him and perform a pat down was unreasonable and violated Hill's Indiana constitutional right against unreasonable search and seizure. Accordingly, the gun discovered by the troopers during the handcuffing was inadmissible, and the trial court abused its discretion in admitting it. Because the State offered no other evidence against Hill, we must reverse his conviction.

Reversed.

Najam, J., and Pyle, J., concur.